UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
THE TRAVELERS INDEMNITY COMPANY,

                                  Plaintiff,

            -against-

ACCREDITED SURETY AND CASUALTY COMPANY,
INC.,

                               Defendant.
-------------------------------------------------------------------X

## COMPLAINT FOR DECLARATORY RELIEF

Plaintiff, THE TRAVELERS INDEMNITY COMPANY ("Travelers"), and for its Complaint for Declaratory Judgment against Defendant, ACCREDITED SURETY AND CASUALTY COMPANY, INC. ("Accredited"), alleges upon information and belief as follows:

### Nature of the Action

1. In this action, Travelers seeks a declaration that Accredited is obligated to defend and to indemnify J.T. Magen & Company Inc. ("JT Magen"), BOP NE LLC ("BOP"), and Skadden, Arps, Slate, Meagher & Flom LLP ("Skadden") in connection with an underlying action asserting claims for injuries allegedly sustained by the underlying plaintiff, Martin Burke (the "Claimant"). That lawsuit is styled *Burke v. BOP NE LLC, et al.,* in the Supreme Court of the State of New York, County of New York, Index No. 151425/2021 (the "Underlying Action").

### Parties

2. At all times relevant hereto, Travelers was and is a Connecticut corporation licensed and authorized to write insurance and conduct business in the State of New York with a principal place of business in Hartford, Connecticut.

1

3. Upon information and belief, at all times relevant hereto, Accredited was and is a Florida corporation with a principal place of business in Orlando, Florida.

## Jurisdiction and Venue

4. This Court has subject matter jurisdiction due to diversity of citizenship and amounts in controversy in excess of $75,000, exclusive of interests and costs, pursuant to 28 U.S.C. section 1332 and 28 U.S.C. Section 2201.

5. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b) in that a substantial part of the events giving rise to this claim occurred here.

6. An actual justiciable controversy exists between the parties as to the coverage afforded under the insurance policy issued by Defendant.

7. Plaintiff Travelers has no other adequate remedy at law.

## Insurance Policies

8. Upon information and belief, Accredited issued a commercial general liability insurance policy to Donaldson Interiors, Inc. ("Donaldson") bearing policy number TPM-NY-17-01239823 with effective dates of February 1, 2020 to February 1, 2021 (the "Accredited CGL Policy").

9. Upon information and belief, Accredited issued an excess liability insurance policy to Donaldson bearing policy number TPM-NY-17-01239824 with effective dates of February 1, 2020 to February 1, 2021 (the "Accredited Excess Policy").

10. Subject to certain terms, conditions, and exclusions, the Accredited CGL Policy generally provides coverage for bodily injury that takes place during the policy period and is caused by an accident.

11. Upon information and belief, the Accredited CGL Policy contains an additional

insured endorsement (CG 20 10 04 13) that provides "additional insured" coverage to JT Magen, Skadden and BOP but only with respect to liability for injury or damage "caused, in whole or in part, by" the acts or omissions of Donaldson or those acting on Donaldson's behalf in the performance of Donaldson's work.

12. Upon information and belief, the Accredited CGL Policy contains a primary and noncontributory endorsement (CG 20 01 04 13) that provides that any such insurance provided under the Accredited CGL Policy is primary and non-contributory with any other insurance available to JT Magen, Skadden and BOP.

13. Travelers issued a commercial general liability insurance policy to JT Magen bearing policy number VTC2KCO-828K6622 with effective dates of February 1, 2020 to February 1, 2021 (the "Travelers Policy").

14. Subject to certain terms, conditions, and exclusions, the Travelers Policy generally provides coverage for bodily injury that takes place during the policy period and is caused by an accident.

15. The Travelers Policy contains excess "other insurance" provisions which provide that coverage under the Travelers Policy is excess over any other coverage available to JT Magen, BOP and Skadden where it has been added as an "additional insured."

## BACKGROUND FACTS

16. Prior to the alleged accident in the Underlying Action, Donaldson and JT Magen entered into a written agreement, pursuant to which Donaldson agreed to perform carpentry work at the construction site at the 43rd floor at Manhattan West, NE Tower, located at 401 9th Avenue, New York, New York ("the Premises").

17. The terms of the contract required Donaldson to maintain general liability insurance

that named JT Magen, BOP and Skadden as "additional insureds." This insurance applies on a primary and non-contributory basis.

17. The terms of the contract further require Donaldson to defend, indemnify and hold JT Magen, BOP and Skadden harmless against all claims arising out of or in connection with or as a result of or as a consequence of the performance of Donaldson's work, whether or not caused in whole or in part by Donaldson.

18. In the Underlying Action, Claimant is alleging that, on or about February 9, 2020, he was injured while moving an A-frame cart filled with 15-20 diamond plate sheets, left on site by Donaldson while working on at the Premises. The sheets fell off of the cart while the Claimant was moving them. A true copy of the Amended Verified Complaint in the Underlying Action is attached hereto as **Exhibit "A"**.

19. In his Bill of Particulars, Claimant has attributed his fall to defendants' purported negligence in permitting a defective condition to exist on the property and allowing the workers who were working at the construction site to stack large diamond plate sheets on an A-frame that was not of proper size, stability, weight and otherwise not fit for the purposes utilized, which was part of the work performed or being performed by Donaldson. The Claimant alleges that as a result of the alleged accident, he sustained lacerations of the right thumb and forearm, a crush injury to the left foot, a lisfranc's sprain (a sprain in the midfoot), abrasions to the left forearm and contusions of the left ankle. A true copy of the Verified Bill of Particulars in the Underlying Action is attached hereto as **Exhibit "B"**.

20. Travelers is defending JT Magen, BOP and Skadden in connection with the Underlying Action.

21. In the Underlying Action, Claimant seeks to impose liability on BOP, Skadden and

Donaldson for alleged bodily injury with respect to operations performed by or on behalf of Donaldson.

## TENDERS TO ACCREDITED

23. By correspondence dated May 6, 2021, Travelers tendered the defense, indemnity and additional insured status of JT Magen, BOP and Skadden to Donaldson and Accredited.

24. By correspondence dated August 12, 2022, counsel for Accredited wrote to Travelers denying coverage to JT Magen, BOP and Skadden based on the lack of allegations in the Underlying Action against Donaldson.

25. By correspondence dated April 5, 2023, Travelers subsequently renewed its tender to Accredited in light of Donaldson being named as a direct defendant to the Underlying Action.

26. To date, Accredited still refuses to provide a defense, indemnity and additional insured status to JT Magen, BOP and Skadden under the Accredited CGL Policy.

27. Accredited has refused to provide "additional insured" coverage to JT Magen, BOP and Skadden under the Accredited CGL Policy.

## CAUSE OF ACTION FOR DECLARATORY RELIEF

28. Travelers repeats, realleges, and incorporates each and every allegation contained in paragraphs "1" through "27" above as if fully set forth herein.

29. JT Magen, BOP and Skadden qualify each qualify as "additional insureds" under the Accredited CGL Policy.

30. The coverages provided to JT Magen, BOP and Skadden under the Accredited CGL Policy are primary and non-contributory with any coverage provided by the Travelers Policy.

31. Accordingly, Travelers seeks a declaration that Accredited has an obligation to defend and indemnify JT Magen, BOP and Skadden as "additional insureds" under the Accredited

CGL Policy; that the coverages provided by the Accredited CGL Policy to JT Magen, BOP and Skadden are primary and non-contributory; and that the obligations of Travelers to JT Magen, BOP and Skadden in the Underlying Action are excess to proper exhaustion and full payment of the limits of the Accredited CGL Policy.

32. In addition, Travelers seeks an award at law and in equity against Accredited for recovery of all sums Travelers has paid and continues to pay in the defense of JT Magen, BOP and Skadden in the Underlying Action because the coverages provided by the Accredited CGL Policy are primary to any coverage provided by Travelers.

WHEREFORE, Plaintiff Travelers respectfully requests that this Court issue judgment as follows:

1. Declaring that JT Magen, BOP and Skadden are "additional insureds" under the Accredited CGL Policy to whom Accredited owes coverage with respect to the Underlying Action;

2. Declaring that Accredited has a duty to defend JT Magen, BOP and Skadden in the Underlying Action up to and including the respective policy limits of the Accredited CGL Policy;

3. Declaring that all coverage owed by Accredited to JT Magen, BOP and Skadden with respect to the Underlying Action is primary to any coverage provided by Travelers to JT Magen, BOP and Skadden;

4. Declaring that the obligations of Accredited to JT Magen, BOP and Skadden with respect to the Underlying Action are primary to any obligations of Travelers to JT Magen, BOP and Skadden;

5. Declaring that the obligations of Travelers to JT Magen, BOP and Skadden in the Underlying Action are excess to proper exhaustion and full payment of the respective limits of the Accredited CGL Policy by means of a verdict, judgment, or settlement;

6. Awarding judgment against Accredited in an amount equal to the sums that Travelers incurred and continues to incur in defending the claims against JT Magen, BOP and Skadden in the Underlying Action;

7. Awarding judgment against Accredited in an amount equal to any sums that Travelers may incur to resolve the claims and indemnify JT Magen, BOP and Skadden in the Underlying Action;

8. Granting an award in favor of Travelers for the costs of suit incurred herein; and

9. Granting such other and further relief as the Court may deem just and proper.

Dated: New York, New York
September 19, 2023

USERY & ASSOCIATES

By: */s/ Petra P. Starr*
Petra P. Starr, Esq.
*Attorney for Plaintiff*
Direct: 312-458-6292
Fax: 844.571.3789
Email: pstarr@travelers.com

Please address all correspondence sent by mail to:
P.O. Box 2996
Hartford, CT 06104-2996

Physical Address:
161 N. Clark St, 10th Floor
Chicago, IL 60601